GRETHER, Respondent, v. DERZON and others, Appellants.

*February 2—March 3, 1959.*

444

446

For the appellants there was a brief by *Rubin, Ruppa & Wegner* of Milwaukee, and oral argument by *Nathan Ruppa.*

For the respondent there was a brief and oral argument by *Woodrow W. Friedrich* of Milwaukee.

CURRIE, J.  The defendants Derzon raise the following two issues on this appeal:

(1) Did the trial court commit prejudicial error in filing its memorandum decision ordering judgment for the plaintiff before the defendants had completed their case?

(2) Are the trial court's findings of fact as to the reasonable value of the labor performed and materials furnished against the great weight and clear preponderance of the evidence?

In preparing and serving the proposed bill of exceptions, defendants' counsel included nothing therein to explain why

the trial did not resume after the calling of the temporary recess which was taken upon direction of the court in the middle of the afternoon of the day of trial. Counsel invite this court to determine upon such state of the record that the defendants Derzon were denied the right to proceed with the trial and complete the presentation of their case in evidence. This we do not feel warranted in doing.

The calling of the recess was immediately followed by a conference between the attorneys and the trial judge, the nature of which is not disclosed in the record. This, coupled with the fact that the trial did not thereafter resume, gives rise to a strong inference that the reason it did not was because of something which took place at this conference in which counsel for the Derzons participated. If counsel desired to offer further evidence it was their duty to apprise the trial court of such fact. Some eighteen months elapsed subsequent to the date of trial without counsel taking any move to do so. Furthermore, after the trial court rendered its memorandum decision, and before the entry of the findings, conclusions, and judgment, it was incumbent upon counsel to call to the trial court's attention the failure to have completed the taking of testimony, if counsel desired to raise such issue on appeal.

Even if the failure of the trial court to resume the trial constituted error, it is difficult for us to perceive in what manner the defendants Derzon were prejudiced thereby. Only if such error was prejudicial should this court reverse and remand for further proceedings. Sec. 274.37, Stats. The defense interposed was that the amount claimed by the plaintiff Grether exceeded the reasonable value of the services performed and materials furnished. On this point the defendant Charles Derzon and two expert witnesses had testified at length. Any further testimony on this issue would have been merely cumulative. The brief of the defendants wholly fails to point out any prejudice.

A request is made that we reverse and remand by exercising our discretionary power, to do which is conferred upon this court by sec. 251.09, Stats. This we decline to do because we are neither convinced that the controversy has not been fully tried nor that it is probable that justice has miscarried.

We turn now to the contention that the trial court's finding of fact, that the sum of $2,450.63 is a fair and reasonable amount for the labor performed and materials furnished by plaintiff, is against the great weight and clear preponderance of the evidence. It is apparent from reading the memorandum decision that the trial court inadvertently overlooked the fact that the complaint, at the commencement of the trial, had been amended to reduce the amount claimed from $2,450.63 to $2,401.81. However, it is equally clear that the trial court accepted the testimony of Grether that the amount claimed by him represented the fair and reasonable value of the labor performed and materials furnished.

The Derzon premises consisted of a building seventy to seventy-five years old located on North Eleventh street in the city of Milwaukee. Between the building and the street was a concrete sidewalk 40 feet long and 15 feet wide which had gotten out of repair and needed replacing. There was a large hollow space underneath this sidewalk in which was situated the water meter of the building and sewer, water, and gas pipes. It was necessary for Grether to break up and remove the old walk. Then he employed a plumber to put the pipes in order underneath and relocate the water meter inside the building, and Grether paid the plumber $316.70 for such work. There were two openings or doorways in the exterior basement wall which Grether filled up with concrete block masonry. The city authorities insisted that the hollow space under the walk be filled up with sand. Because the old exterior masonry wall was

deemed too weak to withstand the pressure of such sand fill, an entire new retaining wall with footings 40 feet in length was erected by Grether on the exterior side of the original wall. The cost of the sand fill alone came to $161 without the labor. After the sand fill had been put in place a new five-inch-thick concrete sidewalk was laid on top of that.

Grether had seventeen years' experience in the contracting business, while Solomon and Lutynski, the two expert witnesses who testified for the defendants, had but six and two years' experience in the contracting business. Lutynski only handled small jobs and was not even licensed as a sidewalk contractor. Solomon testified that a reasonable price for the work, exclusive of the plumbing bill, was from $600 to $700, while Lutynski testified such reasonable cost to be $950. However, the cross-examination of these two witnesses greatly weakened their direct testimony because it disclosed that they had rather a poor conception of the extent of the work done by Grether and had omitted certain items in arriving at their estimates of reasonable cost. The learned trial court in its memorandum decision commented on the testimony of Solomon and Lutynski as follows:

"The court has come to the conclusion that the reasons why each of them formulated such a low estimate was because of the fact that they did not take into consideration all of the work which was performed by the plaintiff upon the premises."

We cannot hold that the trial court's finding of fact as to reasonable value was against the great weight and clear preponderance of the evidence except as to the inadvertent error previously commented upon. Because of such inadvertent error, the judgment must be modified by reducing the principal amount due from $2,450.63 to $2,401.81. This is such an inconsequential modification that we do not

deem it should have the effect of denying costs on the appeal to the plaintiff. Furthermore, we are satisfied that it would have been wholly unnecessary for the defendants to resort to an appeal to this court in order to secure relief from such an obvious mistake.

*By the Court.*—Judgment modified so as to reduce the principal amount due from $2,450.63 to $2,401.81, and, as so modified, the judgment is affirmed. The plaintiff shall be entitled to tax costs on this appeal.